**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

James Merchant

    v.                            Civ. No. 15-cv-125-LM

Adult Parole Board of the
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court is James Merchant's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before this magistrate judge for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("§2254 Rules") and LR 4.3(d)(4).

**Standard**

In undertaking a § 2254 Rule 4 preliminary review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are

construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

In this action, Merchant, an inmate at the New Hampshire State Prison, asserts that the New Hampshire Adult Parole Board ("APB") violated his Fourteenth Amendment due process rights when it denied him parole, in which he claims a constitutionally protected liberty interest, after a January 13, 2015, parole hearing, as follows:

1. The APB denied Merchant parole on the basis of his C-5 (maximum security) classification which is not among the listed "parole evaluation criteria" for the APB to consider in parole decisions.

2. The APB denied Merchant the opportunity to view his parole synopsis, consisting of evaluations and recommendations submitted to the APB by the New Hampshire Department of Corrections, courts, and relevant social service, mental health, and criminal justice agencies, before his parole hearing, despite Merchant's request therefor, by pretending that no such synopsis existed.

## Discussion

To prevail on a due process claim regarding the adequacy of the parole procedures employed by the APB, Merchant must show that he suffered a deprivation of a liberty interest arising directly from the federal Constitution, or from an expectation or interest created by state law or policy.  See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); cf. Kerry v. Din, 135 S. Ct.

2

2128, 2132 (2015) ("[N]o process is due if one is not deprived of 'life, liberty, or property.'" (quoting Swarthout v. Cooke, 562 U.S. 216, 219 (2011))).

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220.  Further, New Hampshire inmates have no right to parole under state law.  See Ainsworth v. Stanley, 317 F.3d 1, 5 (1st Cir. 2002); see also Sargent v. N.H. Dep't of Corrs., No. 12-cv-102-SM, 2013 U.S. Dist. LEXIS 13964, at *6 (Jan. 31, 2013), report and recommendation approved, 2013 U.S. Dist. LEXIS 29729, at *1 (Feb. 28, 2013).  Merchant's claims, which challenge the denial of due process in the APB's denial of parole, therefore, are not cognizable in a federal habeas action.

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed for failure to state a cognizable habeas claim.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

3

(1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617
F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


August 28, 2015

cc:  James Merchant, pro se